MATTHEW ABBASI, ESQ.; SBN 215030
**ABBASI LAW CORPORATION**
8889 WEST OLYMPIC BOULEVARD, SUITE 240
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE: (310) 358-9341
FACSIMILE: (888) 709-5448
E-MAIL: MATTHEW@MALAWGROUP.COM

PROPOSED ATTORNEYS FOR DEBTOR,
REEFTON, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE:<br><br>REEFTON, LLC,<br><br>DEBTOR. | CASE NO.: 2:20-bk-10181-VZ<br><br>**CHAPTER 11 PROCEEDING**<br><br>**DEBTOR'S OPPOSITION TO REXFORD INDUSTRIAL REALTY, L.P.'S MOTION FOR RELIEF OF STAY UNDER 11 U.S.C. §362 (REAL PROPERTY); DECLARATION OF FAHD SOLIMAN IN SUPPORT OF OPPOSITION**<br><br>**HEARING:**<br><br>DATE:   OCTOBER 16, 2019<br>TIME:   9:30 a.m.<br>PLACE: Courtroom 301 |

**TO THE COURT, MOVANT, COUNSEL, AND ALL INTERESTED PARTIES:**

Debtor, REEFTON, LLC (the "Debtor"), hereby files the herein Opposition (the "Opposition") to Creditor, REXFORD INDUSTRIAL REALTY, L.P.'s (the "Movant") Motion For Relief of Stay Under 11 U.S.C. §362 (the "Motion"). This Opposition to the Motion is based upon the following Memorandum of Points and Authorities; supporting Declaration of Fahd Soliman and attached documents; the records and files in this action; and any further evidence or argument that the Court may properly receive at or before the hearing.

---

-1-
**DEBTOR'S OPPOSITION TO REXFORD INDUSTRIAL REALTY, L.P.'S MOTION FOR RELIEF OF STAY UNDER 11 U.S.C. §362 (REAL PROPERTY)**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND SUMMARY OF FACTS**

The Debtor, REEFTON, LLC (hereinafter the "Debtor"), filed for Chapter 11 bankruptcy on January 8, 2020. As set forth below, the Movant's Motion is based on following incorrect facts/assertions:

1. For instance, contrary to the Movant's Motion, the Debtor's lease with the Movant has not "*matured, been rejected, or deemed rejected by operation of law.*" In fact, the Debtor has a long term lease for three (3) warehouse located at 18310, 18314 Unit 5, and 18316 Oxnard Street, Tarzana, CA 91356 (hereinafter the "Leased Units"). This lease expires on **November 30, 2023**. *See Exhibit "1" to the Movant's Motion.* As it stands, the Debtor, has not rejected the lease in its petition.

2. Additionally, as set forth in the Declaration of Fahd Soliman, the Movant's UD case was filed based on a defective 5-day Notice which lists the back-owed rent to be **$45,355.95**. However, this figure is incorrect because the Debtor paid the Movant rent before the UD case was filed on **August 6, 2019**. Specifically, the Debtor made payment for a sum of **$33,377.45** online on May 31, 2019 (confirmation Number 600248692). *See Exhibit "A" to the Declaration of Fahd Soliman.* At first, the payment was accepted but it was later rejected and disputes arose about late fees and costs for the Movant's delays in the processing of the payment. Overall, the aforementioned payment disputes were caused by the Movant's own online payment system and poor accounting facilities. Therefore, the Debtor has refused to pay any late fees and penalties. Based on the above, the Debtor maintains that the 5-day Notice served on the Debtor is defective and states the incorrect alleged loan delinquency.

3. Additionally, as set forth in the Declaration of Fahd Soliman, the Debtor asserts that the Movant breached the lease before the above rental payment dispute arose because the Movant failed to maintain the Leased Units and the common areas. Specifically, the Movant failed to maintain the electrical system and wiring and allowed another tenant to operate an illegal

cannabis cultivation center in the units adjoining the Debtor's Leased Units. Therefore, the Movant failed to properly maintain the Leased Units which led to the fire which destroyed one of the Leased Units. As such, the Movant was responsible for the electrical wiring and systems at the Leased Units and its failure. Based on the above, the Debtor filed lawsuit against the Movant and other tenant(s) for the fire and the damaged caused by the fire. The case is entitled <u>Reefton et. al v. Rexford Industrial Realty, LP, et. al</u>. (LASC Case No. 19VECV01562).

4. Additionally, the Movant fails to mention that the Debtor has paid the Movant $10,000 in November 2019 and $10,000 in December 2019 for the warehouses located at 18310, and 18314 Unit 5. As explained in the Declaration of Fahd Soliman, the Warehouse located at 18316 was destroyed in a fire and turned over to the Movant since the fire for repairs but the Movant has never returned possession of this warehouse to the Debtor.

5. Finally, as set forth in the Declaration of Fahd Soliman, the Movant has filed its Motion immediately after the Debtor filed the present case despite the fact the Debtor has offered to pay reasonable adequate protection payments. Instead, the Movant has demanded the payment of $10,000 for one (1) of the warehouses instead of the initial three (3) warehouses which was unworkable for the Debtor considering that the Debtor needs at least two (2) of the warehouses for its business. Therefore, the Movant has in effect refused to accept any adequate protection payments within 30 days of filing under 11 USC 362 (I) (2).

In sum, in the pending Motion, the Movant conveniently fails to mention the payment disputes, the recent payments, or the **August 11, 2019** fire that gutted one (1) of the warehouses. The Movant also fails to mention that by all accounts the fire was caused by the acts/omissions of the Movant. Therefore, the Movant does not clean hands and has failed to mention extremely relevant facts which totally undercut its arguments.

As it stands, the fire is being investigated by the LAFD. It should also be mentioned that the LAFD discovered the illegal cannabis cultivation center next to the Debtor's Leased Unit after the LAFD knocked down the walls to access the adjoining warehouse during the fire. The discovery of the illegal drug lab at the warehouse caused the fire department personnel to put on

hazardous materials suits as a precaution amongst other things. Thankfully, no one was hurt and the fire was contained to just one of the Debtor's Leased Units because of the sprinkler system. However, the fire caused extensive damage to the Debtor's business because of the loss of use of this warehouse, loss of its equipment, and the loss of the Debtor's inventory/products. *See Exhibit "B" to the Declaration of Fahd Soliman*. Overall, the Debtor has lost over **$112,873.51** because of this fire which is nearly $67,517.55 more than the so-called back owed rent of $45,355.95 which is in dispute as noted above.

In conclusion, the Debtor's business has been severally damaged because of the fire, loss of equipment, loss of inventory, and loss of supplies. However, the Debtor needs the Leased Units to operate its business and has a pending state court case against the Movant and others. Moreover, the Debtor has viable insurance claims to possibly recover some or all of its losses. Overall, contrary to the Movant's assertion in the Motion, the Debtor has equity (positive value) in the lease for the Leased Units which are supremely important to the Debtor reorganization plan. Therefore, the Debtor respectfully request for the court to deny the Movant's Motion and to allow this matter to be converted into a Chapter 11 case so that the Debtor can effectuate a reorganization.

## II.

## **LEGAL DISCUSSION**

A. *THE MOVANT IS NOT ENTITLED TO RELIEF FROM STAY UNDER BOTH § 362(D)(1) AND (2).*

[Bankruptcy Code § 362(d)](#) provides in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

(1)for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2)with respect to a stay of an act against property under subsection (a) of this section, if--

(A)the debtor does not have an equity in such property; and

1     (B) such property is not necessary to an effective reorganization.

2     In allocating the burdens of proof in relief from stay litigation, § 362(g) provides in pertinent part: In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section-

5     (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

7     (2) the party opposing such relief has the burden of proof on all other issues.

*See also*, *Alliance Capital Management L.P. v. County of Orange ( In re County of Orange),* 189 B.R. 499 (Bankr. C.D. Cal. 1995).

In the present case, the Movant erroneously argues that it is entitled to relief from stay under both § 362(d)(1) and (2). As set forth herein above, the Movant's legal position is premised on a flawed UD case. Moreover, as detailed in the Declaration of Fahd Soliman, the Debtor has lost over **$112,873.51** because of the fire which is nearly $67,517.55 more than the so-called disputed back owed rent of $45,355.95. Therefore, the Debtor has "equity" in the lease for the Leased Units. In addition, as set forth above, the Debtor needs the lease for the Leased Units to conduct business and for its reorganization Plan.

It is well settled in the Ninth Circuit that if the debtor can establish that under one interpretation of value that the property has equity, the court is justified in denying relief from the automatic stay. *In re Bialac,* 712 F.2d 426 (9th Cir. 1983). In *Bialac,* the Ninth Circuit asserted that the burden of proof on the question of a debtor's lack of equity in property lies with the creditor. 11 U.S.C. §362(g)(1). *In re San Clemente Estates,* 5 B.R. 605, 610 (Bkrtcy.S.D. Cal.1980); *Matter of Vincent,* 7 B.R. 866 (Bkrtcy.M.D.Fla.1980). Lifting of a section 362 stay requires satisfaction of a two-part test and, failing one part, there is no need to consider the other. Id. at 432-33.

In this case, based on the above, the Debtor maintains that the Movant has failed to show that the Debtor lacks equity in the lease (property). Therefore, there is no need to go further to the second part of the test. However, even if the court needs to go to the second part of the test under § 362(d) (2), the Movant still cannot prevail because the lease for the Leased Units is "necessary

to an effective reorganization." As it stands, the Debtor need only show that there is a reasonable probability that it will be able to propose a plan that will result in a successful reorganization. In this instance, the Debtor has affirmative and valuable claims against the Movant and/or its insurers for the damages that far exceed the alleged unpaid rents. Therefore, the Debtor's Plan is reasonable, probable, and devised in good faith.

Accordingly, the Movant has not met its burden to demonstrate that relief is warranted under either § 362(d)(1) or (2) and as such, the Relief Motion should be denied in its entirety.

### B. THE AUTOMATIC STAY SHOULD NOT BE LIFTED BECAUSE THE MOVANT HAS NO CAUSE FOR THE RELIEF REQUESTED.

The automatic stay is intended to give "the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions" *S. REP. No. 989,95TH CONG., 2D SESS. 54, reprinted in 1978 U.S. CODE CONG. & ADMIN. NEWS 5787, 5840.* The moving party in a motion for relief from stay bears the burden to show a prima facie case that "cause" exists for relief under Bankruptcy Code section 362(d)(1). *See, e.g., In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 557 (Bankr. C.D. Calif. 2004).

A creditor seeking relief from the automatic stay has the initial burden of producing evidence sufficient to establish a prima facie case that "cause" exists for relief under § 362(d)(1). *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.),* 311 B.R. 551, 557 (Bankr. D. Cal. 2004) (citations omitted). Cause for lifting the stay has no clear definition and is determined on a case-by-case basis. *See Christensen v. Tucson Estates. Inc. (In re Tucson Estates. Inc.),* 912 F.2d 1162, 1166 (9th Cir. 1990). In this instance, the Movant has not met its burden and "cause" does not exist for the Movant's Motion.

As set forth above, the Movant is not entitled to stay relief under 11 U.S.C. § 362(d)(1) and (d) (2). In this instance, there may be no equity in the lease for the Leased Units at issue for purposes of 11 U.S.C. § 362. See *Stewart v. Gurley,* 745 F.2d 1194 (9th Cir. 1984). However, there is no requirement that equity exist in the lease for an effective reorganization once this case is converted. A debtor bears the burden to establish that the property is necessary to an effective

reorganization. 11 U.S.C. § 362(g)(2).

In this instance, the Debtor has affirmative claims against the Movant and others for the damage caused because of the fire and has a viable state court case for the same. As such, the Debtor should be able to recover sufficient funds to restart its operations. Therefore, the Debtor needs the lease for the Leased Units for its reorganization Plan. While the LAFD's investigation is ongoing, all indications are that the fire was caused by due to an electrical system problem of some sort which could have been caused by the high electrical needs of the illegal drug lab next door. Therefore, the Movant does not have clean hands and is at least partially responsible for the damages inflicted upon the Debtor.

Overall, the purposes of the Bankruptcy Code include facilitating the successful rehabilitation of the debtor, and maximizing the value of the bankruptcy estate. *Sec. Farms v. Gen. Teamsters, Warehousemen & Helpers Union, Local 890 (In re Gen. Teamsters, Warehousemen & Helpers Union, Local 890),* 265 F.3d 869, 877 (9th Cir. 2001) (citation omitted). The debtor in possession performing the duties of the trustee is the representative of the estate and is saddled with the same fiduciary duty as a trustee to maximize the value of the estate available to pay creditors. *Cheng v. K&S Diversified Invs., Inc. (In re Cheng),* 308 B.R. 448, 455 (B.A.P. 9th Cir. 2004).

Based on the above, the Debtor maintains that there is no "cause" to support the Movant's Motion. Accordingly, the Movant has not met its burden to demonstrate that relief is warranted under either § 362(d)(1) or (2) and as such, the Relief Motion should be denied in its entirety.

C. **DEBTOR'S LEASE FOR THE LEASED UNITED WAS NOT TERMINATED AND IS AN ASSET OF THE ESTATE.**

As noted before, contrary to the Movant's Motion, the Debtor's lease with the Movant has not "*matured, been rejected, or deemed rejected by operation of law.*" In fact, the Debtor has a long term lease for the Leased Units which expires on **November 30, 2023**. *See Exhibit "1" to the Movant's Motion.* As it stands, the Debtor, has not rejected the lease in its petition and the Movant has offered to pay adequate protection payments within 30 days of the filing of this case.

California's general statutory declaration of the right to relief from forfeiture (Civil Code § 3275) is supplemented by Code of Civil Procedure Sec. 1179, establishing a special proceeding for the relief of a defaulting tenant. This right of relief from forfeitures can be obtained even after a judgment against the tenant has been entered in a state court unlawful detainer action.

In Re Windmill Farms. Inc. 841 F. 2d 1467 (9th Cir. 1988) held that assumability of a lease by a trustee in bankruptcy, in the context of a lease termination claim, involves a two-part test. The first part of the test is to determine whether the lease terminated before the petition in bankruptcy was filed. The second part request the court to "determine whether the termination could have been reversed under a state anti-forfeiture provision or other applicable state law." The second step in the analysis "permits the [trustee] the same opportunities to avoid forfeiture of a lease... that it would have received under state law absent the bankruptcy proceedings." (p. 1472.)

The Court may relieve a tenant against a forfeiture of a lease or rental agreement, whether written or oral, and whether or not the tenancy has terminated, and restore him or her to his or her former estate or tenancy, in case of hardship, as provided in Section 1174. The court has the discretion to relieve any person against forfeiture on its own motion. Moreover, Code of Civil Procedure Sec. 1179 gives the court the authority to relieve a defendant of burdens of the judgment in an unlawful detainer action. It provides the court with broad equitable discretion to determine the conditions upon which relief will be granted to the end that exact justice may be done. Gill Petroleum, Inc. v. Haver (3rd Dist., 2006) 137 C.A. 4th 826, 828.

*In Gill Petroleum. Inc. v. Haver* the commercial landlord filed the unlawful detainer action against the tenants for failure to pay for permits for underground storage tanks. The tenants disputed that they were obligated to pay for the permits contending that under the State law the owner of the property on which tenants' gas station and market were located had the obligation to pay the permit fees for the underground storage tanks. After landlord obtained a judgment declaring a forfeiture of the lease and awarding the landlord per diem damages of fair rental valued of the time tenants were in the premises after the expiration of the three day notice to pay rent or vacate, the Superior Court granted tenants' petition for relief from forfeiture. The landlord appealed

but the Appellate Court held that the trial court had jurisdiction to reconsider and modify per diem damages to lesser amount of rent specified in lease.

Under section 1179, the court in balancing the equities should take into consideration the circumstances of the case, the hardship, if any, to the lessee from the forfeiture, the hardship, if any, to the lessor from relieving the lessee from the forfeiture, the willful or other character of the breach, and then use its best discretion in determining whether relief will be granted. *Hitmell v. Gebala* (1st Dist., Div. 1 1949) 90 C.A. 2d 61, 70 - 71. In this instance, a balancing of the hardships should be in favor of the Debtor because of the damage inflicted on the Debtor because of the fire and the cause of the fire in the first place.

Accordingly, based on the above, the Debtor asserts that the automatic stay applies to the lease for the Leased Units because this lease is estate property which is very important to the Debtor's reorganization plan and business. Therefore, the Movant's UD Case must be stayed. Further, Movant's Motion has not met its burden to demonstrate that relief is warranted under either § 362(d)(1) or (2) and as such, the Relief Motion should be denied in its entirety.

DATED:  January 28, 2020                    **ABBASI LAW CORPORATION**

                                            */S/MATTHEW ABBASI*
                                    By:     _____
                                            MATTHEW ABBASI, ESQ.
                                            PROPOSED ATTORNEYS FOR
                                            DEBTOR, REEFTON, LLC